Filed 8/27/15  P. v. Long CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C077914 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM040282, CM040961) |
| v. | |
| DAVID EUGENE LONG, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we found an error in the abstract of judgment that requires correction.  Finding no other arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## BACKGROUND

In February 2014 police officers were sent to a commercial plumbing business to investigate a burglary.  The officers learned that a work truck, along with numerous tools

1

including a pressure washer and drain snake, were stolen from the business. While interviewing the victim, the officers learned the truck had been located. Near the recovered truck, officers spoke to a witness who indicated that he saw defendant David Eugene Long park the stolen truck and walk to a nearby apartment. Officers arrested defendant as he was attempting to flee. The victim later identified defendant as a past employee who knew where the truck was stored and where the spare key could be found.

The People subsequently charged defendant in Butte County Superior Court case No. CM040282 (case No. 282) with vehicle theft with two prior car thefts (Veh. Code, § 10851, subd. (a); Pen. Code, § 666.5), one count of felony receipt of stolen property (Pen. Code, § 496, subd. (a)), and one count of misdemeanor receipt of stolen property (Pen. Code, § 496, subd. (a)). The People also alleged that defendant had served two prior prison terms.

On March 29, 2014, law enforcement was sent to investigate a single-car accident. The officer arrived at the scene of the accident and found a van with its sliding door open. Inside the van, the officer found defendant's girlfriend, Rina Asby, under a pile of blankets. Asby was "severely injured and required immediate emergency care." A witness indicated that a white man with thinning hair came to her home, told her there had been an accident, and asked her to call 911. Asby initially claimed not to know who was driving the van, but after the officer found methamphetamine and marijuana inside the van, Asby identified defendant as the driver.

The officer quickly learned there was an arrest warrant out for defendant for failing to appear in case No. 282. Defendant was subsequently arrested and the People charged him in Butte County Superior Court case No. CM040961 (case No. 961) with leaving the scene of an accident (Veh. Code, § 20001, subd. (a)) and possession of methamphetamine, a controlled substance (Health & Saf. Code, § 11377, subd. (a)). The People further alleged that defendant had served three prior prison terms.

2

In case No. 282, defendant pleaded no contest to stealing a vehicle and admitted having two prior convictions for the same. (Veh. Code, § 10851, subd. (a); Pen. Code, § 666.5.) In case No. 961, defendant pleaded no contest to leaving the scene of an accident. (Veh. Code, § 20001, subd. (a).) In exchange for defendant's plea, the People moved to dismiss the remaining charges and allegations, as well as Butte County Superior Court case No. CM041275 in its entirety, all with *Harvey* waivers.[1] The trial court granted the People's motion.

The trial court later denied defendant's request for probation and sentenced him to an aggregate term of four years eight months in state prison in accordance with his plea agreement. The trial court also ordered defendant to pay various fines and fees, reserved jurisdiction over victim restitution, and awarded defendant 308 days of custody credit.

Defendant appeals without a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We have found an error, however, that requires correction. The abstract of judgment indicates defendant was convicted in case No. 282 of only Vehicle Code section 10851, subdivision (a). In fact, defendant pleaded no contest to, and was

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

3

convicted of violating, Vehicle Code section 10851, subdivision (a) with two prior vehicle thefts under Penal Code section 666.5. We will direct the trial court to correct the abstract of judgment accordingly.

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment to accurately reflect defendant's conviction in case No. 282 as discussed in this opinion. The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

                                                     RAYE        , P. J.

We concur:

        HULL        , J.

        BUTZ        , J.